# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KIRSTYN PAIGE BASHAW,**

       **Plaintiff,**      :

                            Case No. 2:23-cv-291

v.                         Judge Sarah D. Morrison

                            Magistrate Judge Kimberly A. Jolson

**MAJESTIC CARE OF WHITEHALL,**
**LLC,**                          :

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Majestic Care of Whitehall, LLC's Partial Motion to Dismiss Count II of the [Amended] Complaint.[1] (ECF No. 4.) Ms. Bashaw filed a Response in Opposition to the Motion (ECF No. 5) and Defendant filed a Reply in Support of its Motion to Dismiss (ECF No. 6). The Motion is now ripe for decision.

**I.    BACKGROUND**

For purposes of the pending motions, the Court accepts the allegations in the Amended Complaint as true, drawing all reasonable inferences in favor of Ms. Bashaw. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

From November 2021 until March 2022, Ms. Bashaw (a licensed social

---

[1] After Defendant filed its Motion to Dismiss, Ms. Bashaw filed an Amended Complaint. (ECF No. 7.) Because the Amended Complaint states the same Count II as the original complaint, the Court construes Defendant's Motion to address the Amended Complaint.

1

worker) was employed as the Director of Social Services at Defendant's skilled nursing home and residential care facility in Whitehall, Ohio. (ECF No. 7, ¶¶ 11–14.)

During her employment, Ms. Bashaw saw and heard things that concerned her. (*Id.* at ¶¶ 18, 19.) She made several reports about suspected abuse and/or neglect of residents to the facility's Executive Director (Edward Beatrice) and to the Director of Nursing (Amia Ford), but her reports were insufficiently addressed or ignored. (*Id.* at ¶¶ 20, 22–28.)

After Mr. Beatrice and Ms. Ford failed to sufficiently address Ms. Bashaw's reports, she reported her concerns to the Human Resource Representative (Chandler Kuhn). (*Id.* at ¶¶ 29, 30.) At that time, she also filed a complaint with Mr. Kuhn alleging that Mr. Beatrice had engaged in sexual harassment and race-based discrimination. (*Id.* at ¶ 31.) Ms. Bashaw threatened that she would "elevate" her reports of abuse and/or neglect of residents and her report of sexual harassment and race discrimination to the Vice President of Human Resources (Melanie Nieset) and to Defendant's third-party ethics and compliance hotline provider (Syntrio Lighthouse Services). (*Id.* at ¶ 32.)

Shortly after Ms. Bashaw complained to Mr. Kuhn, Defendant's Regional Vice President of Operations (Matt Trammell) held a meeting at the Whitehall facility at which he discouraged staff from making complaints to Defendant's management, to Syntrio Lighthouse Services, or to the Department of Health. (*Id.* at ¶ 33.)

Despite Mr. Trammell's discouragement, Ms. Bashaw made another complaint to Mr. Beatrice alleging that another resident had been abused and/or neglected at the facility. (*Id.* at ¶¶ 33–34, 41.) Mr. Beatrice responded that Defendant would not be taking any action in response to Ms. Bashaw's latest report. (*Id.* at ¶ 42.)

As a result of Mr. Beatrice's refusal to take action on her last report, Ms. Bashaw believed that she had no choice but to leave the Whitehall facility. (*Id.* at ¶ 43.) After she left the facility, Ms. Nieset called Ms. Bashaw and told her not to return to work while Defendant conducted an investigation. (*Id.* at ¶ 44.)

Then, on or around March 3, 2022, Ms. Nieset told Ms. Bashaw that she was being placed on involuntary leave while Defendant investigated her for alleged attendance and performance issues. (*Id.* at ¶ 45.) Ms. Bashaw had not been previously told that her performance was not meeting expectations or that her attendance was problematic. (*Id.* at ¶ 46.) Ms. Nieset called Ms. Bashaw the next day to interview her as part of the investigation, but Ms. Nieset could not provide Ms. Bashaw with any examples of alleged performance or attendance issues. (*Id.* at ¶¶ 47, 49.) During the same call, Ms. Bashaw again reported her concerns about suspected resident abuse and/or neglect. (*Id.* at ¶ 48.) Ms. Nieset acknowledged that Defendant was aware of Ms. Bashaw's concerns through her prior reports. (*Id.*)

Ms. Bashaw's employment with Defendant was terminated on or around March 9, 2022. (*Id.* at ¶ 50.)

Ms. Bashaw now brings this action alleging claims for Retaliatory Termination under Ohio Revised Code § 3721.24 (Count I), Wrongful Termination in Violation of Public Policy (Count II), and Retaliation Based on Complaint of Sexual Harassment and Race Discrimination under Title VII of the Civil Rights Act and Ohio Revised Code Chapter 4112 (Counts III, IV).

## II. ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

Defendant's Motion seeks to dismiss Count II on the grounds that it fails to state a claim on which relief can be granted because Ohio Revised Code § 3721.24 codifies an adequate statutory remedy for Ms. Bashaw's allegations. (ECF No. 4.) In support of its Motion, Defendant relies on, among other cases, *Dolan v. St. Mary's Memorial Home*, 794 N.E.2d 716 (Ohio Ct. App. 2003). In response, Ms. Bashaw argues that her public policy claim is broader than the claim asserted in *Dolan*, so she should be allowed to assert Count II in the alternative to Count I.

The fact that Ms. Bashaw pleads Count II in the alternative to Count I belies her assertion that her public policy claim is broader than Count I. Nevertheless, to the extent that Count II relies on Ms. Bashaw's allegations that she reported suspected patient abuse and/or neglect, *Dolan* makes clear that Ohio Revised Code § 3721.24 bars her common law claim. In *Dolan*, as here, the plaintiff sued her former employer, a nursing home, for firing her in retaliation for making complaints regarding the safety of patients. *Id.* at 718–20. Also as in *Dolan*, Ms. Bashaw asserts claims under both Ohio common law and Ohio Revised Code § 3721.24. *Id.* While acknowledging that the *Dolan* plaintiff had identified a clear public policy in protected nursing home residence, the state court found that the existence of adequate statutory remedy precluded her common law claim:

> The public policy embodied in R.C. Chapter 3721 of protecting the rights of nursing-home residents and of others who would report violations of those rights would not be jeopardized in the absence of a common-law wrongful-discharge tort. Consequently, [a plaintiff] may

5

> not recover in a wrongful-discharge action when the public policy is based on the reporting of abuse in a nursing home. Her remedy lies in an action for retaliatory discharge pursuant to R.C. 3721.24.

*Id.* at 721; *see also Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 244, 773 N.E.2d 526 (Ohio 2002) ("[T]here is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests."). Ms. Bashaw has failed to state a public policy claim based on society's interest in protecting the rights of nursing home residents.

To the extent that Ms. Bashaw's public policy claim is based on society's interest in workplace safety, she has failed to state such a claim. Her Amended Complaint references Ohio Revised Code §§ 4101.11, 4101.12, which codify an employer's duties to protect its employees from unsafe conditions and to provide a safe workplace, (ECF No. 7, ¶ 64), but it contains no factual allegations to support a claim that she made any complaints or other reports of unsafe work conditions, practices, or activities that endangered any employees or staff. Without such factual allegations, the conclusory references are insufficient to state a public policy claim on which relief can be granted.

Finally, Ms. Bashaw's argument that she should be allowed to assert her public policy claim "in the alternative" cannot cure her failure to state such a claim. Although the Federal Rules of Civil Procedure permit alternative pleading and even inconsistent claims, plaintiffs are nonetheless required to plead claims on which relief can be granted with sufficient specificity to give fair notice. Ms. Bashaw has failed to do so on Count II.

## III.   CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss Count II of the [Amended] Complaint (ECF No. 4) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
